

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| KEITH BREWER | CIVIL ACTION NO. 03-0451 |
| -vs- | JUDGE DRELL |
| CRIS PRIER, et al. | MAGISTRATE JUDGE KIRK |

## REASONS FOR JUDGMENT

The above captioned matter came before the Court as a bench trial in two sessions, on October 11, 2007, and August 13, 2008. At the conclusion of the plaintiff's case, we granted, in open court, the defendants' motion for involuntary dismissal of the plaintiff's claims against defendant William Belt and the plaintiff's claim of inadequate medical treatment. We deferred decision on the plaintiff's sole remaining claim against defendant Chris Prier (erroneously referred to as "Cris Prier" in the complaint), involving excessive use of force. Having now heard all of the relevant evidence, we enter judgment for Mr. Prier on that claim as well.

## BACKGROUND

This matter arose out of an incident that occurred on August 3, 2002, between the plaintiff, Keith Brewer, and defendant Chris Prier, an Avoyelles Parish Sheriff's Department ("APSD") officer, while Mr. Brewer was in APSD custody. It is undisputed that Mr. Prier was attempting to place Mr. Brewer in restraints, Mr. Brewer refused to comply with Mr. Prier's verbal orders, and a short struggle ensued. What is disputed is

the level of force involved in that struggle. Mr. Brewer contends Mr. Prier broke his left shoulder, and he received inadequate medical attention thereafter for the injury. Shortly after the incident, Mr. Brewer was transferred to another penal institution, and he has been transferred several more times since then.

On March 10, 2003, Mr. Brewer filed the instant suit against Mr. Prier and the then-Sheriff of Avoyelles Parish, defendant William Belt, in his official capacity. Essentially, Mr. Brewer asserted claims under 42 U.S.C. § 1983 for excessive use of force and inadequate medical treatment. Mr. Brewer asserted that Mr. Belt is liable for Mr. Prier's actions because Mr. Brewer's alleged injury "was caused by an inexperienced police officer who was hired by the Sheriff of Avoyelles Parish." (Doc. 1, p. 6). The defendants contended that Mr. Prier's use of force was not excessive, Mr. Brewer was given adequate medical treatment, and Mr. Belt cannot be liable for Mr. Prier's actions.

We commenced a bench trial in this matter on October 11, 2007. After taking certain evidence on that date, it became clear, despite his best efforts, that Mr. Brewer had not yet obtained potentially relevant evidence—specifically, medical records from various penal institutions covering the period from after the incident in question to the present. In light of his pro se status, we continued the trial at that time to give him the opportunity to obtain those records. On August 13, 2008, we resumed and concluded the trial, admitting into evidence all of the plaintiff's medical records obtained in the interim, as well as the medical records submitted by the defendants covering the incident in question and the period immediately following. We also heard the live testimony of witnesses for the defendants, including Chris Prier and several nurses at

the Avoyelles Parish Sheriff's Department, where the incident allegedly took place. Other than his own testimony, Mr. Brewer presented no witnesses.

At the close of Mr. Brewer's case, the defendants moved to involuntarily dismiss Mr. Brewer's claims. Because Mr. Brewer had failed to present any evidence implicating Mr. Belt, such as evidence of Mr. Prier's experience or training, we granted the defendants' motion with respect to the claims against Mr. Belt. Based on the APSD's ample medical documentation and witness testimony regarding Mr. Brewer's treatment following the incident in question, we granted the defendants' motion with respect to Mr. Brewer's claim relating to inadequate medical treatment. Following our ruling, Mr. Brewer's only remaining claim is his 42 U.S.C. § 1983 claim for excessive use of force, and we address it here.

## LAW AND ANALYSIS

Mr. Brewer's excessive force claim arises under 42 U.S.C. § 1983, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Id. It is undisputed that Mr. Prier, as an officer of the APSD, acted under color of state law, so that element is not in dispute.

"To prevail on an excessive force claim, a plaintiff must establish: '(1) injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3)

3

the excessiveness of which was clearly unreasonable.'" Freeman v. Gore, 483 F.3d 404, 416 (5th Cir. 2007) (quoting Tarver v. City of Edna, 410 F.3d 745, 751 (5th Cir. 2005); and citing Goodson v. City of Corpus Christi, 202 F.3d 730, 740 (5th Cir. 2000)). "The injury must be more than a de minimis injury and must be evaluated in the context in which the force was deployed." Glenn v. City of Tyler, 242 F.3d 307, 314 (5th Cir. 2001) (citing Williams v. Bramer, 180 F.3d 699, 703 (5th Cir. 1999)). Mr. Brewer failed to prove any of these elements. Our findings in this case rely on both objective evidence and subjective credibility calls, but the evidence clearly favors the defendants.

Although Mr. Brewer claims that his left shoulder was broken in the altercation with Mr. Prier, the medical records immediately after the incident showed that Mr. Brewer had suffered only an abrasion above one of his eyes and that he had good range of motion in both shoulders. The nurses who testified at trial consistently stated that he had not suffered any serious injury in the scuffle. One nurse noted that Mr. Brewer himself subjectively complained of shoulder pain, for which she referred him to a doctor, but all of the objective tests at the time showed his shoulder was not broken or otherwise seriously injured and further illustrated he had a normal range of motion.

Mr. Brewer was soon transferred to another penal institution and made his way to several others after that. The medical records from all of these institutions show Mr. Brewer did complain often of pain in his left shoulder, as well as several other medical ailments. During medical examinations at those other institutions, Mr. Brewer was placed on limited-duty status based on his reported pain and old injuries. However, no <u>recent</u> objectively verifiable injuries were noted at any of the institutions, including

shortly after the accident. Most significantly, a report from W. O. Moss Regional Hospital in Lake Charles, Louisiana, dated February 11 and 12, 2003, summarizes the results of the objective tests as follows: "1. MODERATE TO SEVERE IMPINGEMENT SYNDROME, AS DESCRIBED ABOVE. 2. NEGATIVE FOR ACUTE BONE INJURY OR EROSIONS." (Pl. Exh. 2). In short, although Mr. Brewer claims the records show his left shoulder was broken in the August 3, 2002, incident, the medical records plainly do not so show. Certain records do reflect some arthritic spurring, but as pointed out in the testimony, spurring does take some time to develop, indicating an old injury instead of a recent one.

We find that Mr. Brewer failed to prove that he suffered an injury to his left shoulder in the scuffle with Mr. Prier. He did suffer a minor abrasion above one of his eyes, but that was only a de minimis injury, and it is not Mr. Brewer's focus in any event. Even if Mr. Brewer could prove a real injury, he has also failed to prove that Mr. Prier's use of force was "clearly excessive" and, if so, that it was "clearly unreasonable." Freeman, 483 F.3d at 416. The testimony of both Mr. Prier and Mr. Brewer revealed that Mr. Prier did not immediately resort to force. Mr. Prier verbally ordered Mr. Brewer to stop and allow Mr. Prier to take him into custody, but Mr. Brewer refused. After repeatedly refusing to respond to Mr. Prier's verbal orders, Mr. Brewer ran away from Mr. Prier. Mr. Prier then chased and caught up with Mr. Brewer, at which point Mr. Brewer continued to struggle. That struggle necessitated the use of force in order to handcuff him.

On the stand, Mr. Prier remained even-handed and calm throughout his testimony. Physically, he is approximately the same size as Mr. Brewer, and it is difficult to imagine

the events playing out as Mr. Brewer claims. There is some dispute as to whether Mr. Brewer was handcuffed with his hands behind him or in front of him, and the extent of force Mr. Prier used. We found Mr. Prier's testimony to be more credible on both points. However Mr. Brewer was handcuffed and whatever level of force used against him, we find the only injury he suffered was an abrasion above one of his eyes. In light of the minimal injury and, more important, the fact that Mr. Prier only used force because Mr. Brewer refused to comply with verbal orders and ran away from Mr. Prier, we find Mr. Prier's use of force was <u>not</u> clearly excessive and was <u>not</u> clearly unreasonable under the circumstances. Accordingly, Mr. Brewer has failed to prove any essential element of his 42 U.S.C. § 1983 excessive use of force claim against Mr. Prier, and Mr. Prier is entitled to judgment on that claim.

## CONCLUSION

For the foregoing reasons, defendant Chris Prier is entitled to judgment on Mr. Brewer's excessive use of force claim under 42 U.S.C. § 1983.

SIGNED on this 21st day of August, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE